IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE BANK OF NEW YORK MELLON        :

   v.                              :   Civil Action No. DKC 14-2914

HOLLY G. ASHLEY, et al.            :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this priority of liens case are: (1) a motion for consent judgment as to Defendants Holly G. Ashley and Michael Ashley filed by Plaintiff Bank of New York Mellon ("Plaintiff") (ECF No. 28); and (2) Plaintiff's joint motion establishing priority of liens as to Defendant State of Maryland, Comptroller of Maryland (the "Maryland Comptroller") (ECF No. 32). For the following reasons, Plaintiff's motion for consent judgment as to Defendants Holly G. Ashley and Michael Ashley will be denied without prejudice to renewal. Plaintiff's joint motion establishing priority of liens as to the Maryland Comptroller will be granted, except that the order of judgment will not be entered until the entire case is resolved.

**I.  Background**

  **A.  Factual Background**

Pursuant to a deed (the "Coscan Deed") dated October 5, 1999, the real property known as 2902 Matapeake Drive, Upper Marlboro, Maryland (the "Property"), was conveyed to Mrs. Ashley.  The Coscan Deed was recorded.  (ECF No. 43 ¶ 9).  On or about December 18, 2000, Mrs. Ashley was granted a loan in the amount of $16,989.19 from CitiFinancial, Inc. ("CitiFinancial").  She executed a deed of trust (the "CitiFinancial DOT"), which was recorded.  (*Id.* ¶ 10).  Pursuant to a deed dated November 24, 2003, Mrs. Ashley conveyed the Property to herself and Mr. Ashley as tenants by the entirety (the "Ashley Deed").  The Ashley Deed was recorded.  (*Id.* ¶ 11).

On January 13, 2004, a certificate of satisfaction was executed and recorded concerning the CitiFinancial DOT (the "CitiFinancial Release"), but the CitiFinancial Release references the wrong liber and folio for the CitiFinancial DOT. (*Id.* ¶ 12).  On or about December 22, 2004, Mr. and Mrs. Ashley were granted a refinance loan from WMC Mortgage in the amount of $400,000.00.  Both Mr. and Mrs. Ashley executed a deed of trust (the "WMC DOT"), which was recorded.  This loan paid off an existing $337,500.00 mortgage lien.  (*Id.* ¶ 13).  On or about July 13, 2005, Mr. and Mrs. Ashley were granted another

2

refinance loan from WMC Mortgage in the amount of $475,000.00 (the "Subject Loan"). The Subject Loan was funded and a closing was conducted in the ordinary course of the loan. Disbursement of the proceeds went to pay off the WMC DOT. (*Id.* ¶¶ 14-15).

Plaintiff alleges that both Mr. and Mrs. Ashley promised WMC Mortgage that the repayment of the Subject Loan would be secured by a first-priority lien on and against the Property. Mr. Ashley - but not Mrs. Ashley - executed the corresponding deed of trust (the "Subject DOT"), which was recorded. (*Id.* ¶¶ 16-17). Pursuant to a deed dated June 5, 2007, Mr. and Mrs. Ashley conveyed the Property to the Ashley Family Trust, and that deed was recorded. Finally, on December 21, 2012, the Ashley Family Trust conveyed the Property to Mr. Ashley, and that deed was also recorded. (*Id.* ¶¶ 19-20). Plaintiff is the successor in interest to WMC Mortgage and, accordingly, the current holder of the Subject Loan and beneficiary of the Subject DOT. (*Id.* ¶ 21).

### B. Procedural History

On September 12, 2014, Plaintiff filed a complaint requesting that the court determine the priority of liens against the Property. (ECF No. 1). The Clerk of Court entered default against Defendants CitiFinancial, Trustee Nancy J. Liberto, and Trustee Betty Lou Crumrine for their failure to

3

plead or otherwise defend as directed in the summonses and as provided by the Federal Rules of Civil Procedure. (ECF Nos. 12; 14; 16). In addition, the court dismissed Count IV of Plaintiff's original complaint. (ECF No. 19).

Plaintiff filed a motion for consent judgment as to Mr. and Mrs. Ashley. (ECF No. 28). The United States filed a response in opposition, arguing that time should be given to conduct discovery or obtain information from the parties before it will concede or object to the relief sought by Plaintiff. (ECF No. 31, at 1). The court also issued correspondence proposing not to enter any judgment until the entire case can be resolved. (ECF No. 29). Shortly thereafter, Plaintiff filed a joint motion to establish the priority of liens as to the Maryland Comptroller, indicating that the Maryland Comptroller agrees that the Subject DOT is senior and superior to the state tax liens. (ECF No. 32 ¶¶ 9, 10).

On April 29, 2015, in light of the procedural posture of this case, the court extended the discovery period. (ECF No. 33). The parties subsequently filed three joint motions to extend discovery. (ECF Nos. 35; 37; 39). Plaintiff filed an amended complaint on October 29. (ECF No. 43). The United States answered on December 21. (ECF No. 47). Recent court

orders extended discovery to February 19, 2016. (ECF Nos. 46; 49).

The six-count amended complaint asserts claims against four groups of interested parties: (1) Mr. and Mrs. Ashley (the owners of the Property); (2) CitiFinancial, and Ms. Crumrine and Ms. Liberto as trustees (concerning the now-discharged CitiFinancial DOT); (3) the United States Department of the Treasury and Internal Revenue Service ("IRS") (collectively, the "United States"); and (4) the Maryland Comptroller. Plaintiff seeks: declaratory relief determining that it holds a first-priority lien on the Property (Count I); a determination that it holds a first-priority lien by reason of equitable subrogation (Count II); to use quiet title again to determine the owner of the Property and hold that the Subject DOT constitutes a valid first-priority lien (Count III); to obtain a decree reforming the Subject DOT to include the signature of Mrs. Ashley (Count IV);[1] to obtain a constructive trust in its favor (Count V); and to obtain an equitable mortgage against the Property as of July 13, 2005 (Count VI). (ECF No. 43).

---

[1] When the Subject DOT was signed, only one of the then-current owners of the property executed it. Plaintiff contends that "[Mrs. Ashley's] failure to execute the Subject DOT was the result of a mutual mistake of fact" and should not affect Plaintiff's position as lienholder. (ECF No. 43 ¶ 35).

**II. Analysis**

This case involves a dispute over the priority of liens concerning the Property. At bottom, Plaintiff maintains that it is the current holder of a loan that purportedly was to be secured by a first-priority lien on and against the Property. CitiFinancial and its trustees are in default (ECF Nos. 12; 14; 16), and thus do not contest that the CitiFinancial DOT has been paid and satisfied and that any error in the release does not affect Plaintiff's interest. (ECF No. 43 ¶ 4).

Mr. and Mrs. Ashley joined in a motion for consent judgment against them on Counts I, II, and III of the amended complaint. (ECF No. 28 ¶ 2). An attorney later entered an appearance on their behalf. The consent motion, *inter alia*, would provide that the Subject DOT is equitably subrogated to the position and priority of the WMC DOT and the CitiFinancial DOT, and that Mr. and Mrs. Ashley intended for the Subject DOT to be a first-priority deed of trust against the Property. (ECF No. 28-1, at 2).

The amended complaint alleges that the Maryland Comptroller may claim to hold an interest in the Property. (ECF No. 43 ¶ 7). To date, the Maryland Comptroller has not filed an answer. Instead, in a joint motion establishing priority of liens as to the Maryland Comptroller, the parties recite that the Maryland

6

Comptroller issued a state tax lien dated October 11, 2012, which was recorded on November 5, 2012, against Mr. Ashley in the amount of $127,711.00. Another state tax lien was filed against Mr. Ashley in the amount of $19,943.00 on October 16, 2013. (ECF No. 32 ¶ 4). The Maryland Comptroller also issued and recorded state tax liens on the same dates and in the same amounts against Mrs. Ashley. (*Id.* ¶ 5).[2] The Maryland Comptroller agrees that the Subject DOT is senior and superior to the state tax liens as to Mr. Ashley, and that the state tax liens as to Mrs. Ashley did not attach to the Property because she had previously conveyed away her interest in the Property. (ECF No. 32-1, at 3).

The United States also claims to hold an interest in the Property. (ECF No. 43 ¶ 6; *see* ECF No. 52). The IRS filed a Notice of Federal Tax Lien dated October 11, 2012, as FL12-2047 against Mr. Ashley in the amount of $428,227.50. At the same time, the IRS filed a Notice of Federal Tax Lien as FL12-2046 against Mrs. Ashley in the same amount. (ECF No. 43 ¶ 6).

The joint motion concerning Mr. and Mrs. Ashley must be denied. The proposed order seeks a declaration that the Subject

---

[2] The amended complaint identifies only the state tax liens in the amount of $127,711.00 against Mr. and Mrs. Ashley. Furthermore, there is a discrepancy concerning the dates on which the state tax liens were issued. (*See* ECF Nos. 32 ¶¶ 4-5; 43 ¶ 7).

DOT is equitably subrogated to the position and priority of the WMC DOT.  (ECF No. 28-1, at 2).  The consent judgment would establish the Subject DOT as a first-priority deed of trust against the Property, a finding that cannot be made without full consideration of the position of the United States.[3]  On the other hand, as pointed out by the United States, the Maryland Comptroller's concession that its state tax liens are inferior to the Subject DOT does not affect the priority of the United States' tax liens.  (ECF No. 52, at 3).

**III. Conclusion**

Accordingly, based on the foregoing, it is this 14th day of March, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiff Bank of New York Mellon's motion for consent judgment as to Defendants Holly G. Ashley and Michael Ashley (ECF No. 28) BE, and the same hereby IS, DENIED without prejudice to renewal;

2.   Plaintiff Bank of New York Mellon's joint motion establishing priority of liens as to Defendant State of Maryland, Comptroller of Maryland (ECF No. 32) BE, and the same

---

[3] Plaintiff and the United States have apparently agreed that the issues will be resolved via summary judgment motions, and that the United States will file its motion by March 21, 2016.  (*See* ECF No. 50).

hereby IS, GRANTED, except that the order of judgment will not be entered until the entire case is resolved; and

    3.    The clerk will transmit copies of this memorandum opinion and order to counsel for the parties.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge